[L. A. No. 5306.    Department Two.—December 1, 1919.]

## LOREN URY, Jr. (a Minor), etc., Appellant, v. J. L. VAN EVERY et al., Respondents.

[1] BANKRUPTCY—TRANSFER IN FRAUD OF CREDITORS—ACTION TO DE-CLARE TRUST—PLEADING—SUFFICIENCY OF COMPLAINT.—In an ac-tion by the trustee of an estate in bankruptcy to declare that the defendant held in trust certain property transferred to her without consideration as the property of the bankrupt under a secret under-standing that she was to hold it as his property, the complaint is not demurrable as both ambiguous and uncertain on the ground that it is impossible to determine whether the object of the action is to impress a trust on the property or to set aside the transfer on the ground of fraud, because of the pleading of actual fraud after alleging that the transfer was made without consideration and with the understanding and agreement that the defendant was to hold the property for the bankrupt, since, whether the trust be considered voluntary or involuntary, the officer having control of the bankrupt's estate would be entitled to a conveyance.

[2] ID.—INTEREST IN TRUST ESTATE—PASSING TO TRUSTEE IN BANK-RUPTCY—POSSESSION.—Where one for whom property is held in trust becomes a bankrupt, his entire interest in the trust estate passes to the trustee in bankruptcy, and such ownership draws with it the right of possession, in so far as such interest is capable of possession.

[3] ID.—SECRET TRUST FOR BANKRUPT'S BENEFIT.—Any property, in which there is a secret trust for the bankrupt's benefit, no matter how much covered up, passes to the trustee.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Reversed.

The facts are stated in the opinion of the court.

Simpson & Simpson, Elmer I. Moody and Ticknor & Carter for Appellant.

A. K. Hancock and S. M. Johnstone for Respondents.

MELVIN, J.—This is an appeal by plaintiff from a judg-ment entered after a demurrer to the third amended com-plaint had been sustained.

The pleading held defective by the superior court con-tained allegations that Loren Ury, Jr., a minor, appearing

by his guardian *ad litem* L. G. Ury, was a judgment cred-
itor of John L. Van Every, the amount of the judgment
being one thousand dollars; that after Loren Ury, Jr., sued
defendant by his guardian *ad litem,* Van Every was ad-
judged a bankrupt December 31, 1914; that William H.
Moore, Jr., was appointed trustee of the estate in bank-
ruptcy; and that subsequently said Moore, as trustee, was
by order of court substituted for Ury as plaintiff.

It was further alleged that on February 10, 1913, J. L.
Van Every made and executed a certain instrument pur-
porting to convey to his sister, Jessie L. Van Every, certain
described property; that other property, description of
which was unknown to plaintiff, had been similarly con-
veyed; that Van Every had also given into the hands of
his sister money and other personal property prior to the
adjudication of the fact that he was a bankrupt; and that
all of such transfers were without consideration and "with
the understanding and agreement between the said John L.
Van Every and the said Jessie L. Van Every, that she was
to hold the same as and for the property of the said John
L. Van Every." It was further averred that the estate of
John L. Van Every, bankrupt, owned all the property;
that Jessie L. Van Every held it as the property of her
brother and for his use and benefit; that she received it in
trust for said John L. Van Every; that she had no right,
title or interest in the said property received by her prior
to the bankruptcy of her brother.

It is conceded by respondents that if the pleading
had contained only such averments it might have properly
passed demurrer, but the complaint also contains allegations
which, with those epitomized above, made it, as respondents
assert, demurrable as both ambiguous and uncertain. In
substance, these averments (based upon information and
belief) are that John L. Van Every willfully and fraud-
ulently transferred and assigned the property, prior to
bankruptcy, "under a secret trust agreement with the said
Jessie L. Van Every, and with the intent for a purpose
of avoiding and escaping the payment of just debts
of the said defendant, John L. Van Every, and for
other purposes unknown to this plaintiff, and that the
said John L. Van Every and the said Jessie L. Van
Every refused to deliver to the trustee of said bankrupt the

said property so held by said trustee, and both of said defendants are fraudulently withholding said property from the trustee of said bankrupt, thereby preventing the payment of just debts of the creditors of the said John L. Van Every in the estate.'' According to the complaint claims to the amount of $1,025 have been proved and filed in the bankruptcy proceeding; the trustee has no money or property in his possession; and it is necessary that he obtain possession of the property held by Jessie Van Every that it may be sold and the proceeds used in paying claims and expenses of administration in the estate of the bankrupt.

The prayer is for a decree declaring Jessie L. Van Every trustee as to the property involved in the suit; requiring her to reconvey, assign, and transfer all of said property to the estate of the bankrupt; and restraining her from asserting any adverse claim thereto as against the estate.

Respondents take the position here, as evidently the superior court did, that it is impossible to determine, from the pleading, whether the object of the action is to impress a trust on the property in the hands of defendant Jessie L. Van Every, or to set aside the transfer on the ground of fraud.

[1] We are of the opinion that this criticism is without merit. If the property was transferred to Jessie L. Van Every without consideration as the property of her brother under a secret understanding that she was to hold it as his, the effect was to work a deception upon his creditors unless she should be required to return it to his estate. This would be true whether actually a deception was intended or not. The pleading of actual fraud, therefore, does not alter the essential characteristics of the action. Whether the trust be considered voluntary or involuntary, the officer having control of the bankrupt's estate would be entitled to conveyances or assignments.

[2] ''Where one for whom property is held in trust becomes a bankrupt, his entire interest in the trust estate passes to the trustee in bankruptcy, and such ownership draws with it the right of possession, in so far as such interest is capable of possession.'' (7 Corpus Juris, 118.)

[3] ''Any property, in which there is a secret trust for the bankrupt's benefit, no matter how much covered up,

passes to the trustee.'' (Brandenburg on Bankruptcy, 4th
ed., sec. 853.)

In view of the principles above announced we feel con-
strained to hold that the complaint is sufficient as against
the demurrer.

Judgment reversed, with instructions to the superior
court to overrule the demurrer to the complaint.

Lennon, J., and Wilbur, J., concurred.