[Civ. No. 3646. Third Appellate District.—December 20, 1928.]

J. A. ISAACSON, as Trustee in Bankruptcy, etc., Respondent, v. UNION TRUST COMPANY OF SAN DIEGO (a Corporation) et al., Defendants; J. C. RICE COMPANY (a Corporation) et al., Appellants.

634

L. E. Dadmun for Appellants.

Curtis Hillyer for Respondent.

TUTTLE J., *pro tem.*—This is an action brought by plaintiff as trustee in bankruptcy of the Estate of J. C. Rice, a bankrupt, to secure an adjudication of the ownership and title to certain property, and to establish the interest of plaintiff, as trustee, in the same, and for an accounting and recovery of money. Judgment went for plaintiff, and de-

fendants J. C. Rice Company and M. Y. Wolf now appeal from the same, and also from the order denying motion for new trial and the order denying the motion to vacate and set aside the judgment and render judgment in favor of defendants.

The complaint alleges that plaintiff is the trustee in bankruptcy of the Estate of J. C. Rice, a bankrupt debtor; that at the time of the filing of the petition in bankruptcy said J. C. Rice was the owner of an undivided one-half interest in certain lands situate in the county of San Diego, known as the "Lincoln Acres"; that heretofore the said J. C. Rice, acting in the name of the defendant J. C. Rice Company, entered into an agreement with defendant Rae Investment Company whereby said defendant and said Rice became owners in common of the tract of land hereinbefore described, taking the title thereto in the name of defendant Rae Investment Company; that subsequent thereto said Rice and said defendant Rae Investment Company entered into an agreement with said defendant R. E. Harrison Company under and by virtue of the terms of which said R. E. Harrison Company became the selling agents for the defendants Rae Investment Company and the said J. C. Rice in the sale of said tracts of land hereinbefore described; that a large number of parcels of land have been sold and the contracts for the purchase of the same have been placed with the defendant Union Trust Company for the purpose of collection; that the defendant Union Trust Company has collected a large amount of money upon said contracts, as plaintiff is informed and believes, one-half of which is the property of the said bankrupt; that the said R. E. Harrison Company has entered into said contracts under its own name, but in fact as and for the defendants Rae Investment Company and the said J. C. Rice; that the plaintiff is informed and believes, and on such information and belief alleges, that said J. C. Rice Company, a corporation, was organized by the said J. C. Rice as a vehicle through which to transact business and conceal his assets from his creditors, and that ever since its organization said J. C. Rice has used said corporation for that purpose, and that ever since its organization said J. C. Rice has been and now is the sole owner of the said J. C. Rice Company and all of its assets and that the said J. C. Rice Company is in fact and always has been J. C. Rice, the bankrupt debtor;

that prior to the commencement of this action the said court of bankruptcy duly made and filed its order in said bankruptcy proceedings, authorizing and directing plaintiff to commence and prosecute this action. On information and belief plaintiff alleges that said defendant M. Y. Wolf claims to own 247 shares of the capital stock of said J. C. Rice Company, being all of the capital stock of said company except three (3) shares, and that the claim of the said M. Y. Wolf to said stock is without any right whatever and that in truth and in fact the said J. C. Rice, the bankrupt debtor, was the owner of all the capital stock of the said J. C. Rice Company at the time of the filing of his petition in bankruptcy.

At the trial of the action an amended complaint, to conform to the proof, was filed under order of court. The allegations of this amended complaint are similar to those in the original, except that certain other lands are added. The following additional allegations appear: That certain other parcels of real property stand on the records in the name of defendant J. C. Rice Company, but that they were, at the time the bankruptcy petition was filed, owned by said J. C. Rice; that on November 21, 1918, and at a time when J. C. Rice was insolvent, he was the owner of all the stock of defendant J. C. Rice Company, to wit, 250 shares; that for the purpose of hindering, defrauding and delaying his creditors, he, J. C. Rice, executed and delivered to defendant Wolf a promissory note for $21,458.79, and as security therefor pretended to pledge to said Wolf 247 shares of said stock; that on September 9, 1919, said Wolf made a pretended sale of said stock to himself, and credited a payment of $15,000 on said note; that prior to said sale a creditor of said Rice levied an execution on said stock, and that said pretended sale was made to assist said Rice in concealing his assets from his creditors, and that said sale was made with the secret understanding that it was to be held in trust by said Wolf, and that said Wolf now holds the same in trust for plaintiff as trustee in bankruptcy.

Appellants each filed separate answers, which are practically the same. They deny the essential allegations of the complaint. In addition, the statute of limitations is pleaded.

As the entire appeal revolves around the sale of said stock, we quote, in part, the finding of the court upon this issue: "that on the 21st day of November, 1918, the said J. C. Rice

was indebted to defendant M. Y. Wolf in the sum of $21,458.79, and that on said 21st day of November, 1918, the said J. C. Rice did in consideration of said indebtedness sign, execute and deliver to said defendant M. Y. Wolf his certain promissory note for the sum of $21,458.79, payable to the order of defendant M. Y. Wolf, five years after its date, with interest thereon at the rate of seven per cent (7%) per annum, payable at maturity, and said J. C. Rice did at said time pledge and deliver to said M. Y. Wolf 247 shares of the capital stock of said J. C. Rice Company, and also stock in other companies; among the stock so pledged being stock of the Central Mortgage & Investment Company, as collateral security for the payment of said note; *that said note so signed, executed and delivered by said J. C. Rice to M. Y. Wolf, and delivery of the said 247 shares of the capital stock of said J. C. Rice Company and stock of the other corporations to said M. Y. Wolf, as security for the payment of said $21,458.79 note, was a bona fide transaction and made in good faith on the part of said J. C. Rice and M. Y. Wolf, and for valuable consideration.* That the value of said stock so pledged was fixed in said note by said J. C. Rice and said Wolf in said note at the sum of $75,000.00. That said alleged pledgee's sale of said 247 shares of the stock of said J. C. Rice Company by the said M. Y. Wolf to himself on said 9th day of September, 1919, was made with the secret understanding and agreement between said J. C. Rice and said M. Y. Wolf that said M. Y. Wolf would hold said stock in trust for said J. C. Rice, and that said M. Y. Wolf does now hold said stock in trust for said plaintiff as trustee in bankruptcy of said J. C. Rice and that the claim of said M. Y. Wolf to said stock of said J. C. Rice Company is without any right whatever as against this plaintiff.'' The *judgment* does not mention the stock, but it is decreed that ''plaintiff, as such trustee in bankruptcy, is the owner of said J. C. Rice Company, a corporation, and all its assets and property of every kind and nature.'' This is treated and construed by all the parties as an adjudication that plaintiff, as trustee, is the owner of said shares of stock, and we will follow that construction.

It is contended by appellants that the court erred in allowing said trial amendment to the complaint, for the

reason that said amendment changes the cause of action. When the case was called for trial respondent admitted that no cause of action was stated against defendant M. Y. Wolf, and that he was only referred to in the caption and prayer of the complaint. Thereafter, and during the trial, permission was granted to file the amended complaint to conform to proof, referred to, *supra*. It is the position of appellant, with reference to said stock, that the amended complaint states a cause of action to set aside the sale of said stock. If this were true, it would no doubt be the addition of a new cause of action. As we view the pleading, the action was commenced by the trustee to establish a secret trust for the benefit of the bankrupt, and to have the title to said stock vested in said trustee. If, in fact, Rice and Wolf had a secret understanding that the latter was to hold the stock as his own, the effect of this was to work a deception upon the creditors, and this would be true whether a deception was intended or not. The pleading of fraud, therefore, does not alter the essential characteristics of the action, which was, in effect, for the purpose of impressing a trust upon the stock in the hands of Wolf. This precise point was before the court in the case of *Ury* v. *Van Every,* 181 Cal. 604 [188 Pac. 985], and it was there so held. ■ The matter of the allowance of trial amendment to the pleadings rests in the sound discretion of the court, and such ruling should not be disturbed upon appeal in the absence of a showing that prejudice resulted therefrom to the extent that the party aggrieved was deprived of a substantial right or placed in a position where it may be said that he was deprived of a fair trial. No such showing is here made. If defendants were faced with a new issue upon which they were unprepared, they had the right to move for a continuance upon that ground. Having made no such motion, they are in no position to complain. The record shows that the attorney for defendant stated in open court he did not wish a continuance when the matter was suggested. For these reasons we hold that the point is without merit. ■ It is claimed that the trustee in bankruptcy had no authority to bring such an action. There is no merit in this contention. (*Ury* v. *Van Every, supra.*) The right of a trustee, under such circumstances, to pursue the property of the bankrupt is unquestioned. (7 Corpus Juris, 118.)

■ The next question raised by appellants is that of the statute of limitations. It is claimed that the action is one to set aside the sale upon the ground of fraud, that the three-year limitation applies. We have pointed out that the cause of action is one to establish a trust, so far as the stock is concerned. The court found that the stock was sold under an agreement that defendant was to hold the same *in trust* for the bankrupt, Rice. This was an express trust, and the statute of limitations did not commence to run until the same was repudiated by the trustee. (*Lezinsky* v. *Mason Malt Co.*, 185 Cal. 240 [196 Pac. 884].) ■ The repudiation first took place in the instant case when defendant Wolf filed his answer. The action, therefore, was commenced within the time provided by law.

■ It is contended that the findings upon the issues relating to the execution of the note, the pledging of the stock, and the sale of said stock are in favor of appellants, and that they should have judgment upon such findings. This question presents some unique features. It will be observed that the court found that the whole transaction *up to the time of the sale* under the pledge was *bona fide,* but that the *sale* was made with the secret understanding that Wolf was to hold the stock in trust for the bankrupt, Rice. The argument of appellants is that the court having found that the steps leading up to the sale were valid, it must necessarily follow that the sale was in good faith, and that the finding that the sale was made with a secret understanding, creating a trust, must be disregarded. As authority, they refer to the case of *Pierce* v. *Pierce,* 16 Cal. App. 375 [117 Pac. 580]. In that case the trial court upheld a mortgage as executed in good faith, but set aside a foreclosure sale upon the ground of fraud. The judgment was reversed upon the ground that there was no evidence to show any attempt to conceal property, and no agreement between the parties to that effect, and no evidence that any creditor of the mortgagor was making any demands upon him at the time of said sale. The case turned upon the sufficiency of evidence, and not upon the doctrine that a sale under such circumstances cannot be annulled upon sufficient evidence.

■ A more serious question arises in this case as to the extent that a judgment can go under these findings. The judgment, in effect, restores the stock to the trustee, abso-

lutely, and yet it is found that the execution of the note and the pledge were proceedings in good faith; hence, the pledge was valid. The effect of the findings is to leave the stock in the hands of the pledgee, while the trustee in bankruptcy is the legal owner thereof. It is at once apparent that the judgment is too far-reaching in its terms, and should be modified to conform to the findings. No recovery of possession of the said shares of stock could be had until the debt was paid. "Unless otherwise agreed, a pledgee has a right to retain possession of pledged property until the debt or obligation for which it was given as security is paid. He is precisely in the position occupied by a mortgagee in possession, and cannot be required to surrender the property until the debt is satisfied, even though it is barred by the statute of limitations, and no affirmative action can be taken to enforce it." (21 Cal. Jur. 330.)

The sufficiency of the findings is attacked in many particulars. The "business" ventures of the bankrupt are spread over hundreds of pages of the transcript. His schedule of indebtedness was about $360,000. His assets were listed as $125, but claimed as exempt. At the time of the execution of said note to Wolf, his creditors were legion. Many of these were judgment creditors. Numerous corporations were organized by him, and the stock was traded back and forth. His gyrations in a corporate way are almost impossible to follow. Always, however, he was the whole corporation, the matter of control by a directorate being but a fiction. After the "sale" of said stock under the pledge, he continued just as he always did in the conduct of the corporation. The purported owner of the stock, for a period of some five years, shows by his testimony that he did not know what was going on, so far as the affairs of the corporation in which he held all the stock were concerned. We are satisfied that there is ample evidence in the record to support the findings.

The judgment is modified so that paragraph four (4) thereof will read as follows: "4. That plaintiff as such trustee in bankruptcy is the owner of said J. C. Rice Company, a corporation, and of all of its assets and property of every kind and nature whatsoever, provided, however, that it is hereby adjudged that the said 247 shares of stock are subject to a pledge as security for the payment of the promis-

sory note for $21,458.79, executed by J. C. Rice to defendant M. Y. Wolf."

As so modified, the judgment is affirmed, appellants to recover their costs herein.

Hart, J., and Finch, P. J., concurred.