[Civ. No. 10634. Second Appellate District, Division Two.—January 10, 1936.]

S. L. SHAPIRO, Appellant, v. DON D. INGERSOLL et al., Respondents.

E. B. Drake for Appellant.

W. I. Gilbert for Respondents.

WOOD, J.—Judgment was entered in favor of defendants after the return of a verdict in their favor and plaintiff appeals from the judgment and from the order denying his motion for a new trial. Defendant Ingersoll was driving an oil truck owned by defendant Shell Oil Company south along Ramona Boulevard near its intersection with Townsend Street. Plaintiff was driving a truck north on Ramona Boulevard. In the vicinity of the accident Ramona Boulevard is neither level nor straight. The truck of defendants in proceeding south was on a down-hill grade, the degree not being shown by the evidence, and Ramona Boulevard swerves so that defendants' truck would in its regular course turn slightly to the right in traveling south. At some distance from the point of collision the steering apparatus of defendants' truck broke and Ingersoll was unable to control its direction. As a result the truck did not turn with the street but proceeded in an approximately straight line across the boulevard and collided with plaintiff's truck. In their answer defendants denied negligence, asserted that the collision was the result of an unavoidable accident, and alleged contributory negligence on the part of plaintiff.

Plaintiff's main contention is that the court erred in instructing the jury on the subject of latent defects. The court instructed the jury that it was claimed by defendants that the steering apparatus of the truck was in bad condition on account of what is commonly known as a latent defect, and that a latent defect is one such as is not ordinarily discoverable by the use of ordinary care in and about the instrumentality in question. The court further instructed the jury that defendants owed to the plaintiff and to the public only the duty of exercising ordinary care in the examination and inspection of their automobile equipment. Plaintiff does not contend that the instructions did not correctly state the law but argues that the evidence was not such as to permit the giving of instructions on the subject. Evidence was introduced as to the method followed by defendants in the inspection of the truck and an expert witness was called who testified that in his opinion "what produced or caused the break from a chemical standpoint was due to chemical substances present in the steel originally, the original casting, that is, at the time it was cast in the foundry. . . . I think it was prob-

ably due to phosphorous. Phosphorous is a foreign element that acts in a very deleterious manner on steel.'' Plaintiff contends that since it was shown that the inspector did not disassemble the part of the truck which contained the broken piece, the court should not have given the jury the instruction on latent defects and that the evidence shows without question that proper inspection was not made. The evidence was sufficient to submit the issue to the jury. The issues of the cause of the accident, the existence of a latent defect, and the sufficiency of the inspection were questions to be determined by the jury. These questions were resolved by the jury in defendants' favor and the verdict being supported by sufficient evidence the implied findings of the jury may not now be disturbed.

Plaintiff further contends that the evidence showed that defendant Ingersoll did not properly control the car and was proceeding down Ramona Boulevard at an excessive rate of speed. The implied findings of the jury were adverse to plaintiff on these points and the record discloses ample evidence to sustain the verdict.

The judgment is affirmed. The order denying the motion for a new trial is not one from which an appeal may be taken and the appeal therefrom is dismissed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.