[Civ. No. 2298.   Fourth Appellate District.—February 27, 1940.]

PERRY R. DUNN et al., Respondents, v. GEORGE N. SHAMOON et al., Appellants.

Iener W. Nielsen and Eckhart A. Thompson for Appellants.

Glenn M. Devore and William B. Johnston for Respondents.

BARNARD, P. J.—The defendants have appealed from a judgment in favor of the plaintiffs, the action being one for damages resulting from a collision between the respondents' car and a truck owned and driven by a third party.

The facts out of which this action arose are as follows: The respondents were proceeding south on Highway 99 in their automobile. A short distance ahead of them and also proceeding south, was a Chevrolet truck owned by one of the appellants and driven by the other. As the two vehicles were thus proceeding a spare tire and rim, which had been mounted on the tire rack of the Chevrolet truck, suddenly fell from its rack and began bouncing on the pavement a short distance ahead of the respondents' car. Mr. Dunn, who was driving, turned to his left to avoid striking the tire and, in so doing, collided with a Ford truck driven by a third party, which was traveling north on the same highway. The injuries complained of were caused by this collision.

The manner in which the spare tire and rim had been affixed to the Chevrolet truck is disclosed by a photograph and by testimony which appear in the record. It had been suspended underneath the rear part of the frame of the Chevrolet truck, lying on its side with the front edge higher than the rear edge, so that as it lay in the rack it sloped toward the rear. Its front edge rested upon an iron bar which was fixed in place. Its rear and lower edge rested upon another iron bar which was attached to the frame at either end by a bolt, at the lower end of which was a wing nut which could be turned with the fingers. The arrangement was such that when these two wing nuts at the ends of these two bolts were properly screwed up the tire and rim would be held in place underneath the rear of the truck.

Immediately after the accident it was found that the wing nut which had held the right end of the rear iron bar was missing, and the right end of that bar was hanging down about half way to the pavement. The lowering of this rear bar, which had sustained the rear lower edge of the spare tire and rim, had permitted the latter to drop to the pavement.

Five days before this accident a new tire had been mounted on this spare rim and the two had been placed on this tire rack of the Chevrolet truck by an employee of a tire merchant, who was experienced in mounting tires. This was done at night and partly by artificial light. While this tire man remembered that he mounted several tires on this occasion he had no recollection of whether or not he had placed this tire and rim on this truck rack. The appellants testified that during the four years they had owned and driven this truck the spare tire had never before come loose, and the tire man testified that, in his experience, he had never known of a tire falling from this type of rack. There is evidence that after this tire and rim was placed on the tire rack underneath this truck the truck was not used for four days. On the evening before this accident occurred the truck was driven to Oakland and the accident happened the next day, on the return trip. The driver of the truck and his companion testified that nothing had happened on the trip which called their attention to the fact that the spare tire was coming loose, and that nothing had occurred, to their knowledge, which would cause this to happen. However, no one on behalf of the appellants had examined or inspected the manner

in which the spare tire and rim was attached to the truck at any time after it was placed thereon.

The appellants first contend that the only duty owed by them to the respondents was the exercise of ordinary care, and that there is no evidence in the record which justifies an inference of negligence on their part. Briefly stated, their contention is that, having employed an admittedly qualified man to install the spare tire and rim on this tire rack they were entitled to rely upon his having done this in a proper manner and that it must be held, as a matter of law, that having thus relied upon the work of an experienced and competent man engaged in such business, no duty rested upon them to examine and inspect the work, in order to see that the same had been properly done. They rely upon *Shapiro* v. *Ingersoll,* 11 Cal. App. (2d) 202 [53 Pac. (2d) 771], a latent defect case, and upon several tail-light cases, including *Nelson* v. *Signal Oil & Gas Co.,* 10 Cal. App. (2d) 448 [51 Pac. (2d) 885], *Berkovitz* v. *American River Gravel Co.,* 191 Cal. 195 [215 Pac. 675], and *Yates* v. *Brazelton,* 108 Cal. App. 533 [291 Pac. 695]. In general, these cases hold that the only duty owed is that of ordinary care in making inspections, but they all hold, in effect, that the question of whether the inspection made was reasonable under the circumstances was one of fact.

The complaint in this case charged negligence in general terms, but it is not necessary for the respondents to rely upon the doctrine of *res ipsa loquitur* since it clearly appears what caused the accident. The falling of the tire was plainly caused by the missing wing nut and the consequent falling down of the iron bar which sustained the rear lower edge of the spare tire and rim. In view of the evidence that such things had not theretofore been known to occur when the wing nuts were properly screwed up, the only reasonable inference is that these nuts had not been properly tightened in this instance.

While it is clear that someone was negligent in this instance, it is equally clear that the only negligence of which the appellants could have been guilty was in failing to use ordinary care with respect to inspecting and examining the manner in which the tire and rim was attached to the truck. The question before us is whether it can be said as a matter

of law that no inspection was required under the circumstances here appearing.

Assuming that, in some cases, the work done upon a motor vehicle by an experienced mechanic is of such a nature that the owner and driver thereof is, as a matter of law, justified in relying upon the work done without the necessity for an inspection on his part, this does not seem to be such a case. The manner in which this spare tire and rim was attached to the truck was visible and open and required no great mechanical knowledge to understand. The driver of the truck testified that he had put a spare tire on this rack on many occasions. He must have known, therefore, of the inherent danger that would necessarily exist, when a tire was carried in such a suspended position underneath the rear of the truck, if the wing nuts did not remain properly tightened. These wing nuts were easily moved with the fingers and while the iron bar acted as a spring when the nuts were properly tightened, that very fact would tend to make the nuts work loose if they did not remain so, and as the amount of play increased. In view of the natural danger of such a situation the exercise of reasonable care would call for the making of at least occasional inspections to see that the nuts were properly tightened. It would not be unreasonable to think that one such occasion should be immediately after a tire had been changed and the spare tire replaced on the rack. In this instance this was done at night, partly by artificial light, and some days elapsed before the truck was used. Whether or not the driver of the truck knew that the spare tire and rim had been remounted his companion, who was also an employee of the owner of the truck, knew that fact. The inherent danger of the situation and the ease with which an inspection could be made are elements that should be considered. In view of all the circumstances, it cannot be said that the exercise of ordinary care did not call for such simple inspections as would have sufficed in this instance. The facts of this case warrant the conclusion that the duty of making reasonable inspections of the parts in question rested upon the appellants, and that the failure to make such inspections constituted negligence. The evidence, with the reasonable inferences therefrom, supports the court's finding of negligence upon the part of the appellants.

The only other point raised is that the court erred in sustaining an objection to a question as to what was said by the man who changed the tires and put this spare tire and rim on the tire rack of this truck, immediately after he had completed that work. An objection that this was irrelevant and immaterial and hearsay, was sustained. The purpose of the question was to show that the tire man had said that the tire was installed all right, with the intention of further showing that this statement was communicated to the owner of the truck. Since the purpose was to show that such a statement had been communicated to the owner, and not the truth thereof, the hearsay rule did not apply. However, the only purpose of this evidence was to support the contention that the appellants were, as a matter of law, justified in relying upon the manner in which the tire man had installed the equipment and that as a matter of law they owed no duty of inspection, and any possible error in this connection could not have been prejudicial.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1940.