[Civ. No. 7669.   Third Dist.   Sept. 26, 1949.]

JULIUS C. DUFFEY et al., Respondents, v. GENERAL PETROLEUM CORPORATION (a Corporation), Appellant.

Goldstein, Barceloux & Goldstein for Appellant.

L. C. Smith for Respondents.

ADAMS, P. J.—Plaintiffs, husband and wife, brought this action against defendant corporation for injuries to their premises alleged to have been sustained as the result of the contamination of their water supply by gasoline spilled by defendant's employee when delivering gasoline to such premises to fill a 50-gallon tank maintained by plaintiffs for general use thereon. The original complaint, filed March 17, 1948, alleged damages in the sum of $2,100. Defendant denied any damage whatsoever.

At the beginning of the trial, on October 19, 1948, plaintiffs' counsel moved to amend the complaint by increasing the amount of the alleged damage to $4,000, and the motion was granted. Defendant interposed an objection to the amendment,

but did not ask for a continuance of the trial by reason thereof. The jury returned a verdict for $4,000.

On this appeal it is conceded that there was sufficient evidence to support the implied finding of the jury that defendant and its employee were negligent. Errors of law, only, are relied upon for reversal.

■ The first alleged error is the allowance by the trial court of plaintiffs' motion to amend the complaint by increasing the amount of the damages alleged. It is urged that it was made without notice and over defendant's objection, that it took defendant by surprise and was inevitably prejudicial to it. No authority is cited and we find no merit in this contention. Defendant could not have been prejudiced by lack of notice, since it denied any damages at all. It made no motion for a continuance of the trial in order to permit it to make further preparation therefor, and it cannot be said that plaintiffs acted in bad faith or without just reason in making their motion since the evidence shows that after the filing of their complaint they made efforts to secure a water supply not contaminated, by drilling a new well in a different location, but found the water there contaminated also.

The allowance of amendments to pleadings is within the discretion of a trial court. (*Ray* v. *American Photo Player Co.*, 46 Cal.App. 311, 315 [189 P. 130] ; *Isaacson* v. *Union Trust Co.*, 95 Cal.App. 633, 638 [273 P. 119] ; *Unruh* v. *Kauffman*, 205 Cal. 238, 244 [270 P. 440].) We find no abuse of such discretion here.

■ Appellant's second contention is that an incorrect measure of damages was employed by plaintiffs and submitted to the jury in an instruction submitted by plaintiffs to the effect that there was a permanent injury to their property and the measure of damages was the decrease in market value attributable to the injury. Appellant argues that the proper measure was the cost of restoration of the property to its former condition, provided such cost did not exceed the value of the property. Evidence in the case, however, supports a conclusion that the injury to plaintiffs' land is permanent, and that the cost of providing water from another source was so highly speculative as to be impossible of estimation. If such be the case the property cannot be restored to its former condition. Appellant offered no evidence as to what such cost would be, nor did it offer an instruction on its present theory. Also, in questioning its own valuation witness it applied the

same rule applied by the trial court in its instruction given, and it made no objection at the trial to testimony educed by plaintiffs as to the market value of the property before and after the injury. Under such circumstances the decision in *Wolfsen* v. *Hathaway,* 32 Cal.2d 632, 646-647 [198 P.2d 1], is applicable. The court there said: "Appellants may not now complain of the method of proving the amount which would compensate respondents for their loss of crops, pursuant to section 3333 of the Civil Code, since that evidence was admitted without objection and was the apparent theory of the measure of damages upon which the case was tried in an effort to determine upon an award which would 'fairly compensate' respondents 'for the actual injury suffered.' (*Staub* v. *Muller, supra,* 7 Cal.2d 221, 229 [60 P.2d 283].)" (Also, see *Revis* v. *I. S. Chapman & Co.,* 130 Cal.App. 109, 115 [19 P.2d 511].)

Appellant's next contention is that the trial court erred in admitting in evidence certain correspondence between plaintiffs' counsel and defendant which revealed the fact that defendant carried liability insurance. One of the letters, dated January 13, 1948, written to plaintiffs' attorney by defendant's attorney, referred to letters written by the former regarding plaintiffs' claim and stated that said letters had been referred to the Western National Insurance Company who would reply to his inquiries. However, the record shows no objection by appellant to this correspondence, nor any motion to strike it out. Objection, therefore, cannot be made for the first time on appeal. (*Mullanix* v. *Basich,* 67 Cal.App.2d 675, 682, 683, 687 [155 P.2d 130].)

Also it frequently has been held that no reversible error is committed in admitting evidence indicating that a party to an action carries insurance where the information comes in incidentally or where the record does not show that the particular answer was sought or anticipated. (See *Packard* v. *Moore,* 9 Cal.2d 571, 580 [71 P.2d 922]; *Ades* v. *Brush,* 66 Cal.App.2d 436, 446 [152 P.2d 519]; *Speck* v. *Sarver,* 20 Cal.2d 585, 589-590 [128 P.2d 16]; *Moniz* v. *Bettencourt,* 24 Cal.App.2d 718, 725 [76 P.2d 535].)

Finally, appellant urges that the damages are excessive. It cannot be said that the award is not supported by the evidence, since two witnesses testified that the values of the property before the spillage of gasoline were as follows: Witness Bruce, $10,000 before and $6,000 afterward; witness Plotts, $10,000 to $12,000 before and $5,000 to $7,000 afterward.

The question of excessive damages was raised on motion for a new trial, and found by the trial court to be without merit. We are satisfied with and bound by its conclusion. (See *Holmes* v. *Southern California Edison Co.*, 78 Cal.App. 2d 43, 51-52 [177 P.2d 32].)

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.