[Civ. No. 7777.   Third Dist.   Oct. 7, 1950.]

GEORGE S. BARNETT, Respondent, v. LESLIE GORDON FURST, Appellant.

Russell A. Harris for Appellant.

Samuel A. Rosenthal for Respondent.

ADAMS, P. J.—This is an appeal from a judgment for $7,500 in favor of plaintiff, after a verdict by a jury, in an action for damages for personal injuries sustained by plaintiff by reason of negligence on the part of defendant.

The evidence, taken in the aspect most favorable to plaintiff, as it must be by this court, shows that plaintiff was employed by defendant to wash the latter's automobile, and was instructed by defendant to take the vehicle to a place in an alley where there was a slight slope; that plaintiff parked the car at the designated place and set the brakes; and that while he was engaged in the process of washing the car, and was bending over a bucket in front of it, to rinse his wash rag, the car rolled forward and struck him, and, as a result, he sustained the injuries for which he sought recovery. The neg-

ligence of defendant relied upon by plaintiff was that the brakes on the car were defective, that defendant was aware of that fact, but did not so advise plaintiff, or warn him.

Defendant here contends that the evidence fails to support the implied finding of the jury that defendant was negligent, but, on the contrary, shows that plaintiff's own negligence was the proximate cause of his injuries; that the trial court erred in giving certain instructions; and that the verdict is excessive and obviously the result of passion and prejudice.

As for the sufficiency of the evidence to support the verdict, while there is conflict in some respects, defendant himself, called by plaintiff as a witness under section 2055 of the Code of Civil Procedure, admitted that he had trouble with the brakes of his car and had a new brake spring installed which proved inefficient, whereupon he, himself, put in another because the brakes slipped. An automobile mechanic who worked in a service station testified that about three weeks' prior to the accident he worked on defendant's car, at which time it rolled backward; that he then checked the brakes, and that the spring was weak; that he mentioned to defendant that the spring was weak and should be checked. Another witness, a garage owner, testified as to the type of brakes on defendant's car, and the manner in which they operated, indicating that the spring might give way at any time. The Chief of Police of Portola testified that shortly after the accident he talked with defendant about the brakes and that defendant told him that he had trouble with the brake's releasing, and was going to have the manufacturer repair or exchange the brake assembly. Plaintiff testified that he had taken the car to the place indicated by defendant, had put it in low gear and pulled the emergency brake on—had pulled it out as far as it would go and believed it would hold the car. There is no evidence that defendant told plaintiff that the brake spring was defective or that he warned him regarding the possibility of its slipping, or advised him as to what if any precaution he should take to set the brake to prevent its slipping. This evidence is sufficient to sustain the verdict and judgment as to negligence on the part of defendant; and as for defendant's contention that the accident was proximately caused by failure of plaintiff to pull the brake handle out to its full extent, since the jury has found to the contrary, it cannot be said that the testimony does not sustain its conclusion.

■ Regarding appellant's criticism of three of the instructions given by the trial court, they read as follows:

"The owner of an automobile owes to a person whom he has employed to work on said automobile a duty to advise or warn said person of any mechanical defects of said automobile including defective brakes that he knows or would have known of on making reasonable inspection of said automobile."

"The owner of an automobile owes to his employee engaged to work on said automobile the duty of exercising ordinary care in making inspection of the mechanical condition of the brakes of said automobile and the question of determining whether the defendant herein made reasonable inspection thereof is one of fact for you to determine."

"The length of time during which a defective or dangerous condition existed may be so considerable as to justify an inference that if the owner of the automobile had exercised ordinary care he would have known of the existence of the condition in time to have had reasonable opportunity to repair or improve the same before the accident in question."

Appellant contends that the wording of such instructions constituted a statement by the court that the brake was defective, and thus took from the jury its independent determination of that fact. He says that these were the only instructions given on the topic of the alleged defective brake. He does not contend that such instructions do not state the law correctly (see *Miller* v. *Pacific Constructors, Inc.,* 68 Cal.App.2d 529, 545 [157 P.2d 57]; *Dunn* v. *Shamoon,* 37 Cal.App.2d 486 [99 P.2d 1113]; *Roberts* v. *Pacific Gas & Electric Co.,* 102 Cal. App. 422, 427-428 [283 P. 353]), and we are satisfied, after a careful review of the instructions as a whole, that appellant's criticism is without merit. We note particularly that the jury was advised, in an instruction presented by appellant, that plaintiff alleged that defendant was negligent in that he had knowledge of the alleged defective condition of the brakes and failed to warn plaintiff; that defendant denied those allegations; that they were not to assume, because the accident happened, that defendant was careless or negligent; that the burden was on plaintiff to prove by a preponderance of the evidence that defendant was careless or negligent, and that, if shown, it was the proximate cause of the accident. It was also instructed that it was the exclusive province of the jury to determine the facts, that they were not to be influenced by anything the judge had said or done that might suggest that he inclined to favor either party; that the court had not expressed

or intended to express any opinion in regard to what facts had been established or as to what inferences might be drawn; that the law did not require the defendant to prove that he was not negligent or careless, but placed the burden of proof of this issue upon plaintiff. We fail to see that defendant suffered an injury by the three instructions which he attacks.

The remaining complaint of appellant, that the verdict of $7,500 is excessive and the result of passion or prejudice, is also without merit. The evidence shows that plaintiff's injuries are permanent in that the head of the left thigh bone was forced through the socket of his pelvis, and will remain in that condition, causing him to limp and disabling him for heavy work such as he had done previously; that his knee still bothered him, and that he had had to quit a job of ditch digging because of pain in his left hip and leg; that he was required to wear special shoes, costing $27 a pair; and that his only earnings since the accident were for taking care of a sick man for three hours a day for 20 days.

Appellant filed a motion for a new trial asserting as one ground therefor that the verdict was excessive. The motion was denied. It has been noted in numerous recent cases that in view of the decreased value of the dollar, verdicts that might, in earlier years, have been held to be excessive, can no longer be so considered. This was discussed by this court in *Brown v. Boehm,* 78 Cal.App.2d 595, 603 [178 P.2d 49]. Also see our decisions in *Couch* v. *Pacific Gas & Electric Co.,* 80 Cal. App.2d 857, 867 [183 P.2d 91] ; *Potter* v. *Empress Theatre Co.,* 91 Cal.App.2d 4, 14 [204 P.2d 120] ; *Johnson* v. *Marquis,* 93 Cal.App.2d 341, 355 [209 P.2d 63] ; and *Duffey* v. *General Petroleum Corp.,* 93 Cal.App.2d 757, 761 [209 P.2d 986]. Respondent directs our attention to the case of *Du Val* v. *Boos Bros. Cafeteria Co.,* 45 Cal.App. 377, 378-379 [187 P. 767], decided in 1919, wherein an award of $7,500 for a broken pelvis and attendant suffering from the accident was upheld as not excessive.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.