Ernest ESTRIDGE, Appellant,

v.

Goldie ESTRIDGE, Appellee.

Court of Appeals of Kentucky.

March 25, 1960.

**759**

Roy W. House, Manchester, for appellant.

John M. Lyttle, Manchester, for appellee.

STANLEY, Commissioner.

The appellee, Mrs. Goldie Estridge, recovered a judgment for $2,500 against her husband, the appellant, Ernest Estridge, for personal injuries sustained in an automobile accident. The appeal is prosecuted, as stated in the appellant's brief, in behalf of the defendant's indemnity insurance carrier.

The parties, with their three year old child, had gone to a neighbor's house in a car which was owned and driven by the husband, who parked it in a driveway on an incline. After visiting for a half hour or so, the child began to cry, and her father suggested that her mother "put the baby in the car." Mrs. Estridge put the baby in and then she got in the car. Before she could close the door, the car started running backwards without any action upon her part. Estridge tried to stop the car, but it "cut back in the yard and throwed us out." The door struck her leg and knocked her under the car, which ran over her and caused severe injury. Mrs. Estridge insisted that neither she nor the child had touched any of the mechanism. She did not know how to drive or stop an automobile.

The defendant was called by the plaintiff as a witness "as if on cross-examination" which, with what is denominated "direct examination," constituted all the evidence. Estridge testified to having parked the car on a gravel driveway in his neighbor's yard, which he described as steep. Asked whether he had set the brake when he parked the car, the witness answered, "I don't remember. I don't think I did." He grabbed the runaway car and tried to stop it. When it had come to a stop, he found the brake was off. The emergency brake lever was between the left car door and the steering wheel, and a person entering on the right side would be four or five feet away from the brake control. The car had an automatic gear shift.

The appellant argues that the res ipsa loquitur rule was not applicable, for the nature of the accident does not support an inference of negligence since the car had remained stationary while it was unmolested or until the mother and child got into it. The appellant further contends that no negligence was proven and further argues that if it be assumed that the car ran away because of a defective brake, there was no evidence that the defendant knew it was defective.

In Lewis v. Wolk, 312 Ky. 536, 228 S.W. 2d 432, 16 A.L.R.2d 974, an unattended automobile which had been parked on a steep grade in the street ran away down the hill and struck and injured a pedestrian on the sidewalk, who sued for damages. We held the facts presented a clear case for the application of the doctrine of res ipsa loquitur, and in the absence of proof to overcome the presumption of negligence a directed verdict for the defendant was error. An exhaustive annotation of the cases involving injuries by parked motor vehicles accidently started up is appended. 16 A.L.R.2d 979.

We are not called upon in the present case to say whether res ipsa loquitur would be applicable, for the instructions, which were those offered by the defendant, predicated liability of the defendant upon his failure to exercise ordinary care in parking the car so that it would remain stationary and not run down grade, and a finding that without any intervening cause and as the direct and proximate result of the defendant's negligence, the car ran down the driveway, and the plaintiff was thrown out and injured. A contributory negligence instruction was also given.

We have a statute, KRS 189.430 (3), which declares that no person operating or in charge of a motor vehicle shall allow it "to stand upon any perceptible grade without effectively setting the brake

and turning the front wheels to the curb or side of the highway." The provision is a part of the regulations of traffic on public ways and may not be regarded as applicable to a private driveway. But irrespective of the statute, because of the obvious fact that damage is likely to result if a vehicle left unattended gets in motion, a duty is imposed upon a person who leaves an automobile parked to exercise ordinary care to make it secure by setting the brakes or by other means which will prevent it from moving except by the intervention of some operational act or external cause that could not be anticipated and guarded against. An increasingly greater degree of care is exacted of the driver who parks a car on an incline or other place involving risk that it may start and move without outside interference. Of course, if injury is the proximate result of the failure to exercise such care, liability follows. Blashfield, Cyclopedia of Automobile Law, Vol. 2A, § 1206; 5A Am.Jur., Automobiles and Highway Traffic, §§ 413, 415; Notes 16 A.L.R.2d, §§ 3, 11, 12; Cf. Phillips v. Scott, 254 Ky. 340, 71 S.W.2d 662, and Cain v. Stevens, Ky., 274 S.W.2d 480. A case with facts similar to the instant one is Prager v. Isreal, 15 Cal.2d 89, 98 P.2d 729, noted 16 A.L.R.2d at page 1003. When the plaintiff was entering the front seat of a parked car, after having been in the rear, the car rolled forward a few feet and threw her to the ground. The defendant was unable to remember whether he had applied the brake when he parked the car that afternoon or not. The court held a verdict for the plaintiff was justified, for the jury could infer that the defendant had failed either totally or partially to apply the brakes.

We cannot agree with the appellant that there was no proof of negligence. The defendant's testimony is that he parked the car on a steep incline and, substantially, that he did not set the brakes. Moreover, the jury could logically infer that this main or primary fact existed from the concomitant or secondary fact that the automobile immediately started down the grade when the plaintiff got in it. Juries must often reason according to probabilities and may justifiably infer that the main fact in issue existed from the subordinate facts tending to prove its existence. Moore on Facts, § 596; McGraw's Adm'r v. McGraw's Adm'r, 293 Ky. 722, 169 S.W.2d 840.

Common experience teaches that merely getting in a car does not set it in motion where it is properly braked or otherwise secured. It is likely that in getting in the car the plaintiff disturbed its balance and activated it. But that was something that should have been foreseen by the defendant. There is no evidence that she knew or had reason to know that the car had not been properly secured in place. The court, nevertheless, gave a contributory negligence instruction, and the verdict, of course, exonerated her of such negligence. Cf. Barnett v. Furst, 99 Cal. App.2d 767, 222 P.2d 470; Note 16 A.L.R. 2d 998.

The judgment is affirmed.