HULSEY *v.* INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY.

No. 17141. JULY 12, 1950.

168

*E. C. Brannon* and *Smith & Stephens,* for plaintiff.

*O. J. Tolnas* and *Preston M. Almand,* for defendant.

DUCKWORTH, Chief Justice. The clause of the policy under which liability is claimed expressly requires that the boat upon which the insured was traveling must have been a passenger steamship, and that the insured must have been traveling thereon either as a fare-paying passenger or a passenger riding on a

pass. Since this is a case involving insurance policies, we must and do give full consideration to the rule of law that requires that all ambiguities be construed most favorably to the insured. *Sovereign Camp W.O.W.* v. *Heflin*, 188 *Ga.* 234 (3 S. E. 2d, 559); Aschenbrenner *v.* U. S. Fidelity &c. Co:, 292 U. S. 80 (54 Sup. Ct. 590, 78 L. ed. 1137). This rule, however, does not require courts to violate another rule which forbids construction by the court of unambiguous language. In all such cases courts must conform to Code § 56-815, which declares that "The contract of insurance should be construed so as to carry out the true intentions of the parties." Nor do we think that the rule would justify a strained construction that would convert the unambiguous words, "passenger steamship," into the equally unambiguous words, "motor launch." To the extent that the decision in The Ida B. Conway, 22 Fed. 2d, 182—which held that a schooner propelled by a motor boat attached to its stern was a steam vessel—might tend to suggest such construction, we would refuse to follow that opinion upon the ground that we regard it as unsound. While the petition here alleges that the motor launch was provided by the Navy and used primarily to transport as passsengers the members of the ship's company of the U. S. S. Kearsage from ship to shore and from point to point within the naval sea area, it does not allege that the motor launch belonged to the U. S. S. Kearsage as a part of its equipment. The pleaded facts, therefore, would not justify an application of the rule announced in The Manila Prize Cases, 188 U. S. 254, that the word "ship" embraces her boats, tackle, apparel, and appurtenances because they are a part of the ship as a going concern. The fact that the petition is based upon an insurance policy, and any ambiguities must be construed most favorably to the insured, does not relieve it from the rule of law requiring a strict construction against the pleader when considered on demurrer. The decisions of this court, applying that rule, are too numerous to cite, and we cite only *Frazier* v. *Southern Ry. Co.*, 200 *Ga.* 590 (37 S. E. 2d, 774). Under this rule when a pleading is considered on demurrer, if inferences unfavorable to the rights of the party claiming rights may be fairly drawn from the allegations of the petition, this must be done. *Krueger* v. *MacDougald*, 148 *Ga.* 429 (96 S. E. 867);

*Hardin* v. *Baynes,* 198 *Ga.* 683 (32 S. E. 2d, 384) ; *Toler* v. *Goodin,* 200 *Ga.* 527 (37 S. E. 2d, 609). This rule requires that in such a case pleadings be construed in the light of their omissions as well as their averments. *Toney* v. *Ledford,* 184 *Ga.* 856 (193 S. E. 761) ; *Mackler* v. *Lahman,* 196 *Ga.* 535 (27 S. E. 2d, 35) ; *Toler* v. *Goodin,* supra. Failure to allege the essential facts by allegations that fall short of the essential facts must be construed to mean the absence of such essential facts. *Harrell* v. *Burch,* 195 *Ga.* 96, 98 (23 S. E. 2d, 434).

In order to recover at all in the present case, it was essential to allege and prove that death occurred while the insured was traveling on a passenger steamship. The averment in this connection falls short of this essential, and merely alleges that he was traveling upon a motor launch. The rule requires a construction that he was not traveling on a passenger steamship. It was also essential that he be traveling either as a fare-paying passenger or on a lawful pass. The allegations relied upon to meet this essential are that he was "lawfully riding thereon." Whether or not his travel was lawful is a question of law depending upon facts, which are not given, and the conclusion of law made by this pleading must be disregarded when considered on demurrer. There is nothing in the petition to indicate whether the insured was, at the time, in the Naval Service of the United States; nor does it even appear whether he was a member of the crew or a passenger of the U. S. S. Kearsage. The sum total of the allegations shows only that he was riding upon a motor launch as a passenger. For the two-fold reason, (1) the insured was not riding on a passenger steamship, and (2) he had neither paid a fare nor was he traveling on a pass when his death occured, no recovery under the unambiguous provisions of the policy relied upon can be had. The petition was therefore subject to the general demurrer, and the Court of Appeals did not err in reversing the trial court's judgment, which overruled the demurrer.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents.*