35859.   REYNOLDS *v.* MION & MURRAY CO. *et al.*

Decided October 27, 1955—Rehearing denied November 15, 1955.

*Rache Bell, Durwood T. Pye,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Hoke Smith, A. C. Latimer, Ed S. Savell,* contra.

GARDNER, P. J.  This action is primarily based on the theory that the defendants were negligent in that they built and maintained the theatre in such manner that as a result of their lack of ordinary care the plaintiff sustained an optical illusion of a rail which was not in fact in existence, and that her fall was occasioned by her reaching for this rail and not finding it.  Her case must necessarily stand or fall with this allegation of negligence.  The bannister was 26 inches high, higher than the knees of an average person, and 11 inches higher than the seat in which the plaintiff was sitting.  She does not allege that she could not see the bannister or determine its height, but she does allege that she thought there was a railing over it.  Accordingly, it is obvious that the plaintiff could have supported herself, in traversing the distance of the width of 3 seats separating her from the aisle, either by supporting herself against the bannister or against the seats themselves, but that instead of doing this she leaned over and above the bannister, reaching out to steady herself where she expected a guardrail to be, and thus lost her balance and fell.

The deficiency in this petition is that nowhere are any facts alleged sufficient to put the defendants on notice that a person

in the plaintiff's position would think there was a guardrail over the bannister, and that in the absence of such allegations the belief that there was such a guardrail was negligence on the part of the plaintiff not in any way initiated by the defendants, so that her falling over the bannister was the result of lack of ordinary care for her own safety such as to preclude her recovery.

Dealing, therefore, with the "optical illusion" theory, this court must disregard allegations which contradict the primary physical laws of nature. *Cowan* v. *Ga. R. & Bkg. Co.*, 52 *Ga. App.* 677 (184 S. E. 635). An optical illusion, according to Webster's Unabridged Dictionary, is "a *perception* which fails to give the true character of an object." A hallucination, on the other hand, is a "perception of object having no reality." In all the optical illusion cases (see *Fuller* v. *Louis Steyerman & Sons*, 46 *Ga. App.* 830 (2), 169 S. E. 508; *Smith* v. *Swann*, 73 *Ga. App.* 144 (3), 35 S. E. 2d 787; *Pilgreen* v. *Hanson*, 89 *Ga. App.* 703, 81 S. E. 18) the plaintiff looked where she was stepping, and what she saw gave the illusion of being something else—she saw the object, but because of its ambiguous character failed to identify it properly. Such is an optical illusion. The plaintiff here shows by her allegations that she had in fact no such optical illusion, but that instead she "perceived an object having no reality", which is a figment of her own mind and not the result of any act of the defendant, and is in effect a hallucination. The plaintiff had been looking fixedly for over 3 hours at the point where she claims she thought the railing to be (since, if it in fact existed, it would have been in her line of vision when looking at the movie screen), but the petition clearly shows that by a mental quirk her memory of a railing in another part of the building (at the end of the aisle) seen over 3 hours previously, plus her forgetfulness of the fact that such railing was not in her line of vision while seated in the theatre, caused her to reach the erroneous conclusion that the railing extended the length of the balcony, and that, without in any manner ascertaining whether or not this was a fact, she blindly reached over the bannister, became over-balanced, and fell. No facts having been alleged which would raise a duty on the part of the defendants to anticipate such a vagary of memory on her part, no duty attached to them to guard against it. The bannister was high enough for ordinary purposes. *Holloman* v.

*Henry Grady Hotel Co.,* 42 *Ga. App.* 347 (156 S. E. 275). It was not the height of the bannister, but the plaintiff's erroneous concept of its character, which caused her to become overbalanced.

No negligence is alleged against the defendants as to the heating of the building. The temperature of the room is not stated. It might have been too warm for the plaintiff and at the same time too cold for other patrons. It might have been no warmer than necessary to keep the plaintiff comfortable while sitting quietly for a 3-hour period, and at the same time be warm enough to lead to drowsiness.

This case is controlled, as to plaintiff's failure to exercise ordinary care for her own safety, by the legal principles stated in *Delay* v. *Rich's, Inc.,* 86 *Ga. App.* 30 (70 S. E. 2d 546); *Nabors* v. *Atlanta Biltmore Corp.,* 77 *Ga. App.* 730 (49 S. E. 688); *Ga. Power Co.* v. *Maxwell,* 52 *Ga. App.* 430 (3) (183 S. E. 654); *Avary* v. *Anderson,* 31 *Ga. App.* 402 (120 S. E. 683); *Lebby* v. *Atlanta Realty Corp.,* 25 *Ga. App.* 369 (103 S. E. 433); *Holman* v. *American Automobile Ins. Co.,* 201 *Ga.* 454 (39 S. E. 2d 850); *Ford* v. *S. A. Lynch Corp.,* 79 *Ga. App.* 481 (54 S. E. 2d 320); *Hill* v. *Davison-Paxon Co.,* 80 *Ga. App.* 840 (57 S. E. 2d 680); *Conaway* v. *McCrory Stores Corp.,* 82 *Ga. App.* 97, 101 (60 S. E. 2d 631); *McMullan* v. *Kroger Co.,* 84 *Ga. App.* 195 (65 S. E. 2d 420); *Vaissiere* v. *J. B. Pound Hotel Co.,* 184 *Ga.* 72 (190 S. E. 354); *Moore* v. *Kroger Co.,* 87 *Ga. App.* 581 (74 S. E. 2d 481); *Hendricks* v. *Jones,* 28 *Ga. App.* 335 (111 S. E. 81); *Lee* v. *Malone,* 55 *Ga. App.* 821 (191 S. E. 494); *Srochi* v. *Hightower,* 57 *Ga. App.* 322 (195 S. E. 323), and like cases.

The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*