19443. CHALVERUS *et al. v.* WILSON MANUFACTURING Co. *et al.*

HAWKINS, Justice.  The petition brought by Michael A. Chalverus and Margaret Chalverus, as minority stockholders, in behalf of themselves and other stockholders similarly situated of Wilson Manufacturing Company, a corporation, against that corporation, and against John M. Wilson, Harry F. Wilson, John Wright, Ford Lolley, and Agnes B. Wilson, as officers and directors of the corporation, alleges in substance: that the plaintiffs are the owners of 100 shares of the capital stock of the corporation, which consists of 729 shares; that the defendant John M. Wilson was elected president of the corporation, and in March, 1953, his salary was fixed at $100 per week; that, about the 1st day of April, 1953, John M. Wilson entered the service of the United States Army and remained continuously in the service until March 1, 1955, during all of which time he was unable to render and perform the duties of president of the company, and that, during such absence of the president, the plaintiff Michael A. Chalverus "performed and discharged all of the duties devolving upon the office of president of said company, and which had theretofore been performed by said John M. Wilson"; that, notwithstanding the salary of the said Wilson was fixed by the directors in March, 1953, at $100 per week, and was not thereafter changed by the directors, he was paid $200 per week from the time he entered the armed services in 1953 until he returned from the army in March, 1955, although he did not render and perform the duties of president of the company, and that this was an unlawful and illegal payment of the company's money; that, during the first part of such army service, Wilson had authority to sign checks on the bank account of the company, and that he abused this privilege by drawing checks for his own personal use and appropriated and converted the funds of the company to his own personal use, the exact amount of such withdrawals being unknown to the plaintiffs, but being subject to computation; and that he should be required to account for and repay the same to the corporation.  It is further alleged that the plaintiffs have acted promptly in an effort to obtain redress at the hands of the directors and stockholders of the company to have them take proper action to require Wilson to repay the moneys unlawfully received by him in unauthorized salary and funds withdrawn by him; that the plaintiff Michael A. Chalverus brought such matters to the attention of the stockholders and directors of the company at the regular annual meeting held in March, 1954; but that they have refused to take action; that it would be futile and useless to make further efforts to obtain redress from the defendants because of their ownership of a majority of the stock of the corporation; and petitioners pray: (a) for process; (b) that the defendant John M. Wilson account for the salary and funds illegally received and withdrawn by him; (c) that judgment be granted in favor of the defendant Wilson Manufacturing Company against the other named defendants in such sums as may be found to be due on an accounting; (d) that a receiver be appointed for the company; and (e) that plaintiffs have such other and further relief as to the court may seem meet and proper.  To this petition the defendants filed their general demurrers, which were sustained by the trial court, and to this judgment the petitioners except.  *Held:*

1. Upon demurrer, pleadings are to be construed most strongly against the pleader, and in the light of their omissions as well as their averments; and if an inference unfavorable to the right of a party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties. *Krueger* v. *MacDougald,* 148 *Ga.* 429 (1) (96 S. E. 867); *Hulsey* v. *Interstate Life &c. Insurance Co.,* 207 *Ga.* 167, 169 (60 S. E. 2d 353).

2. The directors and managers of a corporation who control and have charge of its effects are bound to care for its property and manage its affairs in good faith, and for a violation of these duties resulting in waste of its assets and injury to the property they are liable to account the same as other trustees. *Baker* v. *Sutton,* 47 *Ga. App.* 176 (170 S. E. 95).

3. One acting in the capacity of president or general manager of a corporation is presumed to be its alter ego. He is its chief executive officer and agent, and, without any special delegation of authority, is presumed to have power to act for it in matters within the scope of its ordinary business. *Raleigh & G. R. Co.* v. *Pullman Co.,* 122 *Ga.* 700, 706 (50 S. E. 1008); *The Black Walnuts* v. *First National Bank of Atlanta,* 53 *Ga. App.* 316, 319 (185 S. E. 726).

4. "Nothing will call a court of equity into activity but conscience, good faith and reasonable diligence. When these are wanting, the court is passive and does nothing"; and where stockholders in a corporation participate in the performance of an act, or acquiesce in and ratify the same, they are estopped to complain thereof in equity. *Alexander* v. *Searcy,* 81 *Ga.* 536, 545 (8 S. E. 630, 12 Am. St. R. 337); *Mathews* v. *Fort Valley Cotton Mills,* 179 *Ga.* 580, 587 (176 S. E. 505).

5. "It is a condition precedent to the maintenance of a suit in equity by a minority stockholder against the corporation and its officers under the Code, § 22-711, that it be shown that he has made an earnest effort to obtain redress at the hands of the directors and stockholders, or why it could not be done, or that it was not reasonable to require it." *Peeples* v. *Peeples,* 193 *Ga.* 358 (4) (18 S. E. 2d 629).

6. It appears from the petition that the plaintiff Michael A. Chalverus was the acting president of the defendant corporation, performing and discharging all the duties devolving upon the office of president, and therefore participated in the performance of, acquiesced in, and ratified all of the acts complained of, and is therefore estopped to complain thereof in equity; and that the other plaintiff, Margaret Chalverus, made no demand and took no other action (since none is alleged) for redress of grievances to any person, stockholder, director, president, or acting president prior to the institution of the present suit. Equity will not appoint a receiver of a corporation upon a petition brought by dissatisfied minority stockholders, one of whom was the acting president of the defendant corporation during the period of time its management is complained of, and the other petitioner remained inactive and silent until the filing of the suit. The petition failed to state a cause of action, and the trial judge did not err in sustaining the general demurrers thereto. *Peeples* v. *Southern Chemical Corporation,* 194 *Ga.* 388 (21 S. E. 2d 698), and cases there cited.

614

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

Submitted September 10, 1956—Decided October 9, 1956.

*Arthur F. Copland, Paul Blanchard,* for plaintiff in error.
*Max R. McGlamry, Theo. J. McGee,* contra.