36838. TARVER *v.* SAVANNAH BEACH, TYBEE ISLAND.

DECIDED OCTOBER 9, 1957.

*Corish, Alexander & Shea, Bart E. Shea,* for plaintiff in error. *Anton F. Solms, Jr.,* contra.

CARLISLE, J. (After stating the foregoing facts). A demurrer admits as true such facts alleged in the petition as are well pleaded. Code § 81-304; *City of Albany* v. *Lippitt,* 191 *Ga.* 756, 759 (13 S. E. 2d 807). However, a demurrer does not admit legal conclusions alleged which are not supported by facts set forth in the petition. *Swafford* v. *Certified Finance Co.,* 90 *Ga. App.* 83, 85 (82 S. E. 2d 168); *Bates* v. *Southern Ry. Co.,* 52 *Ga. App.* 576, 577 (183 S. E. 819). Under the foregoing rules of law, the allegations that the steps constitute an extension and a part of the public sidewalk of the defendant municipality and that the defendant in failing to construct, repair and maintain such steps in a safe condition is liable for such neglect or improper and unskillful performance of a ministerial duty imposed upon it under the provisions of Code § 69-301 constitute mere legal conclusions of the pleader and are not well taken, since the facts otherwise alleged, and construed most strongly against the plaintiff, show that the steps were an appurtenance to the beach and not to the sidewalk. This is true for it cannot be said that one using the steps to go to or from the beach was in any manner furthering his progress along the sidewalk, which the allegations show was constructed parallel to the beach. This

conclusion is further strengthened by the fact alleged to the effect that the defendant takes the steps up at the end of the summer season and places them in position again in the late spring. In construing a petition on general demurrer, the court will consider that the plaintiff intended to serve his own best interests and will construe the allegations of the petition most strongly against the pleader, and if any inference unfavorable to the rights of the party claiming right may be fairly drawn from the allegations of the petition, this will be done. *Hulsey* v. *Interstate Life & Accident Ins. Co.*, 207 *Ga.* 167, 169 (60 S. E. 2d 353), and the plaintiff, having failed to allege otherwise, will be taken as having used terms in their common or ordinary signification. The word "beach" has been defined by the courts as being synonymous with the word "shore" or "strand" and as including only the land washed by the sea, and by the high-water mark and low-water mark. Town of East Hampton *v.* Kirk, 68 N. Y. 459, 463. As used in the petition in this case, the phrase "the beach" comprised the beach within the meaning " 'customarily given to this phrase by residents at seashore resorts, i. e., a strip of land above the usual high water line, more or less well defined by natural boundary, or in the rear by a sea wall, providing a convenient and safe access to the water for bathing or for sun baths either before or after going into the water', Lund *v.* Cox, 281 Mass. 484, 491." Hewitt *v.* Perry, 309 Mass. 100, 104 (34 N. E. 2d 489). Thus construed, the allegations show that the beach and its appurtenances, including the steps here in question, if they were maintained by the City of Savannah Beach at all, were maintained primarily for the use of the general public and intended as a place of resort and pleasure and for the promotion of the health of the public at large. The petition, being construed in the light of its omissions as well as its averments (*Mackler* v. *Lahman,* 196 *Ga.* 535, 537, 27 S. E. 2d 35), fails to allege that such beach or park was maintained under charter authority for revenue purposes, and this being so, whatever duty the City of Savannah Beach had to maintain the beach and its appurtenances was in virtue of its governmental powers and no municipal liability would attach on account of its negligent or unskillful performance of these duties. *Cornelieson* v. *City of Atlanta,* 146 *Ga.* 416 (91 S. E.

415) ; *Jones* v. *City of Atlanta*, 35 *Ga. App.* 376 (133 S. E. 521) ; *Reid* v. *City of Atlanta*, 39 *Ga. App.* 519 (147 S. E. 789). It follows from what has been said that the trial court did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*