37165. INGRAM *v.* GREYHOUND CORPORATION, *et al.*

DECIDED JUNE 23, 1958—REHEARING DENIED JULY 14, 1958.

*Northcutt, Edwards & Johnston, W. S. Northcutt,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, E. Smythe Gambrell, James C. Hill, Edward W. Killorin, Hurt, Gaines, Baird, Peek & Peabody, W. Neal Baird,* contra.

NICHOLS, Judge. The petition, succinctly stated, alleged that the collisions occurred on Northside Drive in the City of Atlanta, that such street is approximately 39 feet wide and divided into four marked lanes, that the defendant Beaudet was traveling south in the outer lane for southbound traffic, that the plaintiff was traveling north in the single northbound lane nearest the center of the roadway, that all three vehicles were observing the speed laws, that the corporate defendant's bus, like the plaintiff, was traveling north on such street, that the corporate defendant's bus was not as far north as the plaintiff's vehicle, that such bus was approximately 10 feet behind the plaintiff's vehicle and had been for some time, that the vehicle being driven by the defendant Beaudet turned left and crossed over the intervening traffic lane between it and the lane in which the plaintiff was traveling and drove into and against the left side of the plaintiff's vehicle, that the impact of the collision pushed the plaintiff's vehicle to the plaintiff's right to a point about midway of the outer northbound traffic lane where, not more than one second later, the plaintiff's vehicle was struck by the corporate defendant's bus, and that such collisions caused the injuries and damages sued for. As concerned the alleged negligence of the defendants, certain ordinances of the City of Atlanta were pleaded. The one ordinance which dealt with the alleged negli-

gence of the corporate defendant was as follows: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and condition of the street, so that he will have the vehicle he is operating under control and be able to stop same in safety in an emergency." The negligence charged to the corporate defendant was that it failed to use ordinary care to avoid injuring the plaintiff, that it failed to lengthen the distance between its bus and the plaintiff's vehicle when it saw that the vehicle of the defendant Beaudet was approaching from the opposite direction, that it was following the vehicle of the plaintiff more closely than was reasonable and prudent having due regard for the traffic and condition of the highway, that it was following the plaintiff's vehicle more closely than was reasonable and prudent contrary to the provisions of the ordinance quoted above, and that it was negligent in driving into and against the plaintiff's vehicle.

"Upon demurrer, pleadings are to be construed most strongly against the pleader, and in the light of their omissions as well as their averments; and if an inference unfavorable to the right of a party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties. *Krueger* v. *MacDougald*, 148 *Ga.* 429 (1) (96 S. E. 867); *Hulsey* v. *Interstate Life &c. Insurance Co.*, 207 *Ga.* 167, 169 (60 S. E. 2d 353)." *Chalverus* v. *Wilson Manufacturing Co.*, 212 *Ga.* 612 (1) (94 S. E. 2d 736).

So construing the plaintiff's petition it must be assumed, although not expressly pleaded, that of the four marked traffic lanes on Northside Drive, two were for northbound traffic and two for southbound traffic inasmuch as it was alleged that the defendant Beaudet was traveling in the "outer southbound lane" and that when Beaudet turned left he crossed the "intervening traffic lane" and struck the left side of the plaintiff's vehicle, and that the impact of said collision pushed the plaintiff's vehicle eastward, (to the plaintiff's right), to about midway of the "outer northbound lane" where his vehicle was struck by the bus of the corporate defendant.

The petition contained no allegation that the bus of the corporate defendant changed lanes as did the plaintiff's vehicle, although such change of lanes by the plaintiff was completely involuntary. Therefore, in the absence of allegations to the contrary it must be assumed, on general demurrer, that the bus of the corporate defendant and the plaintiff's vehicle were both traveling north on Northside Drive, that the plaintiff was driving in the lane nearest the center line, that the bus of the corporate defendant was in the outer lane or the lane to the plaintiff's right, that after the plaintiff's vehicle was struck by the vehicle of the defendant Beaudet, which collision moved the plaintiff's vehicle from the inner lane to the outer lane, the plaintiff's vehicle was struck by the bus of the corporate defendant. Until one second before the collision between the plaintiff's vehicle and the bus of the corporate defendant these two vehicles were proceeding north, both obeying all traffic laws, each in its own lane and neither was guilty of any negligence in the operation of their respective vehicles inasmuch as, in spite of the conclusions alleged in the petition that the bus of the corporate defendant was following too closely, the allegations of the fact show that each was proceeding in the same direction (north), that the plaintiff was farther north than the bus, but that the bus of the corporate defendant was not *following* the plaintiff's vehicle since each was in a *different traffic lane*. The corporate defendant in this case is in much the same position as the defendant Draper in the case of *Pfeifer* v. *Yellow Cab Co.*, 88 *Ga. App.* 221 (76 S. E. 2d 225), although in that case Draper was traveling in one lane when a collision between two vehicles, both traveling in the opposite direction from him, caused one of them to be thrown into his lane in front of his vehicle at the moment he reached the point of the collision. Here the plaintiff's vehicle was pushed into the lane being used by the bus of the corporate defendant just as the front of the bus—not more than one second intervened between the two collisions—reached the point of the collision, and no reason is alleged as to why the corporate defendant could have avoided the collision that would not also apply to the plaintiff.

This case is controlled in principle by *Pfeifer* v. *Yellow Cab*

*Co.*, 88 *Ga. App.* 221, supra. The petition failed to set forth a cause of action against the corporate defendant, and the trial court did not err in sustaining its general demurrers and in dismissing the action as to it.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*