37171.  JOHN DEERE PLOW COMPANY *v.* JOHNSON *et al.*
37172.  SOUTHEASTERN FAIR ASSOCIATION *v.*
JOHNSON *et al.*
37173.  JONES *v.* JOHNSON *et al.*

Decided July 9, 1958—Rehearing denied July 29, 1958.

*John D. Jones, Greene, Neely, Buckley & DeRieux,* for John Deere Plow Company.

*Palmer H. Ansley, Smith, Field, Doremus & Ringel,* for South-eastern Fair Association.

*T. J. Long, Ben Weinberg, Jr.,* for Jones.

*John H. Hudson, Wm. R. Hudson, Newell Edenfield,* contra.

NICHOLS, Judge. 1. The first count of the plaintiff's petition is based on the theory that the defendants displayed the tractor in such a way that it could start of its own motion and run over the plaintiff.

"Upon demurrer, pleadings are to be construed most strongly against the pleader, and in the light of their omissions as well as their averments; and if an inference unfavorable to the right of a party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties. *Krueger* v. *MacDougald,* 148 *Ga.* 429 (1) (96 S. E. 867); *Hulsey* v. *Interstate Life &c. Insurance Co.,* 207 *Ga.* 167, 169 (60 S. E. 2d 353)." *Chalverus* v. *Wilson Mfg. Co.,* 212 *Ga.* 612 (1) (94 S. E. 2d 736).

The petition does not allege whether the place where the tractor was displayed was level or sloping, or whether the engine on the tractor was running, and it must be assumed, when considering the allegations of the petition as against general demurrer, that such place was level and that the engine was not running. Therefore, the tractor could not begin to move without some external force being applied or without something being done to

set the running gear of the tractor (the engine) in action, and no such action on the part of anyone is alleged in this count of the petition. The courts are bound to take judicial cognizance of physical laws. *Rome Ry. &c. Co.* v. *Keel,* 3 *Ga. App.* 769 (60 S. E. 468), *Lamar Electric Membership Corp.* v. *Carroll,* 89 *Ga. App.* 440, 458 (79 S. E. 2d 832), and *Reynolds* v. *Mion & Murray Co.,* 93 *Ga. App.* 37, 40 (90 S. E. 2d 593). Since the allegations that the tractor struck the plaintiff do not aid the allegations of the petition which are contrary to physical laws, and since the doctrine of res ipsa loquitur does not aid pleadings (*Eaton* v. *Blue Flame Gas Co.,* 91 *Ga. App.* 510 (2), 86 S. E. 2d 334), this count of the plaintiff's petition failed to set forth a cause of action against the defendants, and the judgment of the trial court overruling the defendants' general demurrers must be reversed.

2. It has been consistently held in this and other jurisdictions that an automobile is not a dangerous instrument per se (*Lewis* v. *Amorous,* 3 *Ga. App.* 50, 59 S. E. 338), nor is a truck such a dangerous instrument (*Washburn Storage Co.* v. *General Motors Corp.,* 90 *Ga. App.* 380, 83 S. E. 2d 26); and this court sees no material difference in a "tractor" and other motor vehicles that would make a "tractor" a dangerous instrumentality when the other self-propelled vehicles mentioned are not. Therefore, the allegations contained in the plaintiff's petition that the tractor was a dangerous instrumentality must fall.

Where an instrumentality is put to a use not intended, the owner or person in control is not liable for the resulting injuries unless he knew or should have known that it would be diverted to such use. *Culbreath* v. *Kutz Co.,* 37 *Ga. App.* 425 (140 S. E. 419).

Count two alleges that certain unknown children did make such use of the instrument (the tractor), with the result that it injured the plaintiff. It follows that this count of the plaintiff's petition must stand or fall on the sufficiency of allegations of fact from which the conclusion must be drawn that it had a duty to anticipate this or like consequences if it left the tractor unattended.

The amended petition fails to allege that children of such tender years as to be unaccountable for their actions were invited upon the fairgrounds, or that the tractor would be attractive to

them and this fact was known to the defendants, or that because of the simplicity of operation of the tractor the defendants should have anticipated that children playing upon it would be likely to start it in motion, or any like circumstances to raise a duty upon the part of the defendants to anticipate the injury as a natural result of leaving the tractor unattended. It does allege the location of the tractor, the manner in which it is started, the fact that it was unfettered and unattended, and the fact that children did start it. It does not allege sufficient facts to raise the duty to anticipate that some such child or children would in fact start the tractor or otherwise cause it to harm a person in the plaintiff's position. Accordingly, count two of the plaintiff's petition failed to set forth a cause of action.

3. Inasmuch as the judgments overruling the defendants' general demurrers must be reversed for the reasons shown above, the questions presented by the exceptions to the judgments overruling the defendants' special demurrers and other grounds of general demurrer become moot and will therefore not be passed upon.

*Judgments reversed. Felton, C. J., and Quillian, J., concur.*