### 39181. PARSONS, INC. v. YOUNGBLOOD.

DECIDED FEBRUARY 21, 1962—REHEARING DENIED
MARCH 29, 1962.

584

*Haas, Dunaway, Shelfer & Haas, George A. Haas, Hugh F. Newberry*, for plaintiff in error.

*Bass, Burger, Kidd & Rich, Casper Rich*, contra.

JORDAN, Judge. █ It is contended that the allegations of paragraphs 8 and 9 are conclusions of the pleader in that they are contradicted by the allegations of fact contained in paragraph 10. To sustain the demurrer, the court would necessarily have to take judicial notice of a physical law to the effect that because a mass placed precariously on end for a period of time remains upright, the fact that it eventually topples shows some other reason than the precarious balance to be the sole cause of the loss of equilibrium. We agree that such a situation suggests some additional force applied to the article than that of gravity, but do not agree that as a matter of law it can be said, where such situation exists, that imperfect balance is eliminated as an element of proximate cause. The simple game of building a

"house of cards" amply demonstrates that an article may fall because of an imperfect foundation though the fall be not immediate. These special demurrers were properly overruled.

■ Where a person maintains a place of business at which he sells goods or dispenses services, such person owes a duty to those coming to the premises to trade with him of using ordinary care and caution to keep the premises in a safe condition (*Lake v. Cameron*, 64 Ga. App. 501, 505, 13 SE2d 856; *Code* § 105-401); and in the exercise of this duty, the merchandise and fixtures with which such person conducts his business, must not be so placed as to threaten injury to those visiting the store who are in the exercise of ordinary care for their own safety. *Tinley v. F. W. Woolworth Co.*, 70 Ga. App. 390, 393 (28 SE2d 322).

The instant petition alleges that this twelve foot high roll of linoleum fell because it was negligently placed on a seven-inch base, with no further support provided; that this was an unsafe manner of placing the merchandise which rendered its position dangerous; that it eventually fell on the plaintiff and injured him; that the defendant, who by its employee so placed the merchandise, knew it was unsupported and dangerous, and the plaintiff did not; and that this constituted a lack of ordinary care in keeping the premises safe for an invitee.

These allegations were sufficient to show a failure on the part of the defendant to comply with his duty of furnishing a safe place for his invitees, and that the breach of such duty was the proximate cause of the plaintiff's injuries.

Counsel for plaintiff in error argues in effect that since the roll did not fall immediately, and since the plaintiff's pleadings cannot be aided by the doctrine of res ipsa loquitur, it becomes apparent that the injury was due to some intervening force sufficient of itself to stand as the proximate cause of the injury. This does not follow. The mere fact that the injury would not and could not have resulted by reason of the defendant's acts alone will not of itself be taken to limit and define the intervening agency as constituting the proximate cause. *Rollestone v. Cassirer & Co.*, 3 Ga. App. 161, 173 (59 SE 442). "Where a defendant's negligence sets in operation other causal forces

which are the direct, natural, and probable consequences of that negligence, he may be held liable for injuries caused by the other forces; and where two concurrent causes naturally operate in causing an injury, there may be a recovery against both or either of the actors. . ." *Reid v. Modern Roofing &c. Works,* 89 Ga. App. 285, 286 (79 SE2d 31). The chain of causation is not broken by an intervening act which is a normal reaction to the stimulus of a situation created by negligence. *Bass v. Seaboard Air Line R. Co.,* 205 Ga. 458, 474 (53 SE2d 895). A mass, such as this rug, precariously balanced may be caused to fall even by a slight gust of wind, yet wind, unless it be extraordinarily violent, is not such an intervening proximate cause as will insulate a defendant against his original negligence. *Pollard v. Walton,* 55 Ga. App. 353 (190 SE 396). Further, one who balances a mass in a precarious manner should anticipate that slight force, not sufficient ordinarily to suggest to the actor who does not know of the peril that injury will result, will be sufficient to cause damage. A negligent defendant is not relieved of the consequences of his negligence by an intervening act which in the normal course of events he should have anticipated might occur. *Southern Ry. Co. v. Webb,* 116 Ga. 152 (1) (42 SE 395, 59 LRA 109).

The plaintiff here alleged that the placing of the rug on an inadequate seven-inch base without further support constituted negligence on the part of the proprietor as to its invitee, and that such negligence was the proximate cause of the plaintiff's injuries. He alleged no intervening cause, but if it be conceded that, under the facts alleged, construing the petition most strongly against the pleader, something else concurred with the placing of the rug to cause the loss of balance, this is a matter of defense, and it must be shown not only that such fact exists but that it was a force sufficient of itself to cause the injury regardless of the negligence of the defendant.

The trial court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Felton, C. J., Carlisle, P. J., Bell, Frankum, Hall and Russell, JJ., concur. Nichols, P. J., and Eberhardt, J., dissent.*

NICHOLS, Presiding Judge, dissenting. The majority opinion holds that where a petition alleges a fact chargeable to the defendant, followed by another fact incompatible with the first fact and dependent upon still another intervening event to accomplish the ultimate fact relied upon, on general demurrer such omitted fact will be supplied by inference, and the omitted fact will be construed as a happening to be expected by the defendant, and not as an intervening act sufficient to insulate the defendant.

Such construction of a petition is contrary to the basic rules of construction of pleadings, adhered to by both this court and the Supreme Court through the years, that on demurrer a pleading is to be construed against the pleader and in the light of omissions as well as averments. "In construing a petition on general demurrer, the court will consider that the plaintiff intended to serve his own best interest and will construe the allegations of the petition most strongly against the pleader, and if any inference unfavorable to the rights of the party claiming [such] right may be fairly drawn from the allegations of the petition this will be done. *Hulsey v. Interstate Life & Accident Ins. Co.,* 207 Ga. 167, 169 (60 SE2d 353)." *Tarver v. Savannah Beach,* 96 Ga. App. 491, 494 (100 SE2d 616). "In order to hold the defendant liable, the petition must show either that the act complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the original wrongdoer." *Gillespie v. Andrews,* 27 Ga. App. 509, 510 (108 SE 906).

The petition in the instant case alleged that the linoleum fell because of its small base, but such allegation is contradicted by the allegation that such roll of linoleum, once placed in such position, remained there for several days.

" 'Upon demurrer, pleadings are to be construed most strongly against the pleader, and in the light of their omissions as well as their averments; and if an inference unfavorable to the right of a party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail

in determining the rights of the parties. *Krueger v. MacDougald,* 148 Ga. 429 (1) (96 SE 867); *Hulsey v. Interstate Life &c. Insurance Co.,* 207 Ga. 167, 169 (60 SE2d 353).' *Chalverus v. Wilson Mfg. Co.,* 212 Ga. 612 (1) (94 SE2d 736). . . The courts are bound to take judicial cognizance of physical laws. *Rome Ry. &c. Co. v. Keel,* 3 Ga. App. 769 (60 SE 468); *Lamar Electric Membership Corp. v. Carroll,* 89 Ga. App. 440, 458 (79 SE2d 832), and *Reynolds v. Mion & Murray Co.,* 93 Ga. App. 37, 40 (90 SE2d 593). . . The doctrine of res ipsa loquitur does not aid pleadings (*Eaton v. Blue Flame Gas Co.,* 91 Ga. App. 510 (2), 86 SE2d 334)." *John Deere Plow Co. v. Johnson,* 98 Ga. App. 36 (105 SE2d 33).

The petition alleges that the linoleum rug had been placed in its standing position several days before the plaintiff was injured and there is no allegation that any outside force (someone pushed it, etc.), caused the rug to fall, that the "base" of the rug gave way, that vibration caused the rug to fall, or that any other happening caused the rug to fall on the plaintiff. As has been shown, the doctrine of res ipsa loquitur does not aid pleadings, and since the court must take judicial cognizance of physical laws, in this case that the rug once placed in a position where it would remain for several days would not fall unless some physical change took place, and, where none is alleged, no actionable negligence is alleged, since it must be assumed that the intervening cause was such as would relieve the defendant of any negligence in originally placing such rug in a standing position, otherwise the plaintiff's petition would have alleged such cause.