## 41631. NORTH GEORGIA INSURANCE AGENCY, INC. v. FIRST OF GEORGIA INSURANCE COMPANY.

FRANKUM, Judge. Where an insurance company and its agent enter into a written contract which, as amended, authorizes the agent on behalf of the company to receive and accept proposals for certain lines of insurance; to charge the premiums for such proposals as set forth in the manual of rates approved by the Insurance Commissioner and to remit the same to the company, retaining 15% "as advanced commissions"; and where the contract provides that at the end of each calendar quarter during the pendency thereof, the company shall render to the agent an accounting of the premiums collected; that the commissions due the agent are to be computed on the basis of 85% of the cumulative pro rata earned premiums plus salvage and subrogation, less total losses and loss experience; that if such figure is a plus figure, the company will pay the agent the amount of the remainder forthwith as the agent's commission, but if such figure is a minus figure, such minus figure will be carried over to subsequent accountings; and where the contract further pro-

76

vides that "the agent shall not be obligated to repay any commissions received except in the case of an error in calculations or in cases where the reserve for outstanding losses has been improperly reported at the time of the accounting," a petition seeking to recover from the agent a sum of money alleged to have been advanced in anticipation of earned commissions and alleging merely that such sum is due the company by reason of the fact that the total loss experience on the business written by the agent exceeded 85% of the cumulative pro rata earned premiums plus salvage and subrogation, but which fails to allege anywhere therein that the sum sought to be recovered was advanced to the defendant because of errors in calculations or because the reserve for outstanding losses had been improperly reported at the time of the accounting, is insufficient to state a cause of action against the defendant. The petition in this case being deficient in the particulars above indicated, the trial court erred in overruling the general demurrer of the defendant thereto. *Hulsey v. Interstate Life &c. Ins. Co.*, 207 Ga. 167 (2) (60 SE2d 353).

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

ARGUED NOVEMBER 4, 1965—DECIDED JANUARY 21, 1966— REHEARING DENIED FEBRUARY 8, 1966.

*Thurmond, Hester, Jolles & McElmurray, Thomas R. Burnside, Jr., Jerry Brooks Dye*, for appellant.

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller*, for appellee.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*