41950.   BLACK v. MILLER.

Submitted April 4, 1966—Decided July 28, 1966—

*David H. Fink,* for appellant.

*Powell, Goldstein, Frazer & Murphy, R. W. Patrick,* for appellee.

JORDAN, Judge. ■ The defendant's only relevant contention expressed in its original brief is that plaintiff's petition stood automatically dismissed upon the lapse of 20 days after the trial court's judgment of October 1, 1965, and that since plaintiff's notice of appeal was not filed within 30 days from the date the automatic dismissal became effective, this court is without jurisdiction. The contention has no merit.

The October 1 order sustaining defendant's renewed demurrer to the amended petition did not provide that in default of an amendment within the time allowed the petition should stand dismissed. In the absence of a provision expressly effecting dismissal, the petition did not stand automatically dismissed upon expiration of the time allowed for amendment. A second order was necessary to effect the dismissal. *Steed v. Savage,* 121 Ga. 84 (48 SE 689) ; *Luke v. Ellis,* 201 Ga. 482 (1) (40 SE2d 85). See *Smith v. Bugg,* 35 Ga. App. 317 (133 SE 49). It follows that the October 1 order sustaining the demurrer was not, and did not become upon the expiration of 20 days, a final

judgment from which appeal could be taken. Thus, the court by the October 1 order retained jurisdiction over the case until rendition of a further order effecting dismissal. The latter judgment dated January 28 was the only valid final judgment of dismissal. The notice of appeal filed February 24 came within 30 days of the judgment of dismissal and within the time required by Code Ann. § 6-803. *Echols v. Time Motor Sales,* 111 Ga. App. 554, 555 (1) (142 SE2d 324).

■ We are now called upon to decide whether or not this petition states a cause of action as against a general demurrer. While on general demurrer the petition must be strictly construed against the pleader, yet " 'Pleadings are to be given a reasonable intendment, and a strained and unnatural construction will not be given them in order to raise an inference against the pleader.' " *Sarno v. Hoffman,* 110 Ga. App. 164, 166 (138 SE2d 96); *National Fire Ins. Co. v. Banister,* 104 Ga. App. 13 (1) (121 SE2d 46); *Southern Bonded Warehouse Co. v. Roadway Express,* 104 Ga. App. 458 (1) (122 SE2d 147); *Friedsam v. Sawan, Inc.,* 103 Ga. App. 500, 503 (119 SE2d 707); *Raines v. Jones,* 96 Ga. App. 412, 414 (100 SE2d 157); *Belk-Gallant Co. of LaGrange v. Cordell,* 107 Ga. App. 785, 787 (131 SE2d 575); *New Cigar Co. v. Broken Spur, Inc.,* 103 Ga. App. 395, 398 (119 SE2d 133); *Georgia Power Co. v. Leonard,* 187 Ga. 608, 614 (1 SE2d 579).

It is also well settled that as against a general demurrer mere general allegations of negligence are sufficient and that questions of negligence, diligence, and proximate cause should be determined by a jury except in palpably clear, plain and indisputable cases.

In the light of these well established principles it is our opinion that the petition is sufficient to withstand the general demurrer and that the trial court erred in sustaining the same.

Here we have the positive allegation that the trailer rolled off the defendant's service station property and continued rolling until it struck the plaintiff's residence. While common experience teaches that a vehicle will not roll on *level* ground, it also teaches that, if the vehicle rolled, the ground was not *level.*

Therefore, the only reasonable construction that can be given

to the allegation that the vehicle rolled is that the ground was not perfectly level or horizontal at the point where the trailer was parked. The defendant could not assume that the parking area was level, for as pointed out by Judge Bell in *Benefield v. McDonough Constr. Co.*, 106 Ga. App. 194, 195 (126 SE2d 704), one "could not assume the floor was level nor would a cursory examination protect him, for he should have foreseen, as a matter of common knowledge, that a floor might vary to some degree in its horizontal plane. The exercise of ordinary care would have required him, under all the facts alleged, to have taken precautions sufficient to prevent the scaffold from rolling."

There is the additional allegation that the trailer was parked "in close proximity to a steep, unguarded incline above and overlooking" the plaintiff's property without brakes, blocks or other devices to secure it in place, thus squarely presenting the question of whether such uncontrolled parking at this particular place constituted negligence on the part of the defendant under the circumstances and conditions alleged in the petition.

"Because of the fact that damage likely to result if a vehicle left unattended gets into motion is obvious, a person leaving his automobile must use reasonable caution to prevent it from moving to the injury of others. . ." 2A Blashfield, Cyclopedia of Automobile Law and Practice, 73, § 1206. Estridge v. Estridge, (Ky.) 333 SW2d 758, holds that this duty requires that a parked vehicle be made "secure by setting brakes or other means which will prevent it from moving except by intervention of some operational act or external cause that could not be anticipated and guarded against," and that the greater degree of care is exacted, where an automobile is parked on an incline or other place involving risk that it may move without outside interference. As to a parked tractor-trailer, see *Kroger Company v. Perpall*, 105 Ga. App. 682 (1) (125 SE2d 511). Also, *Fulcher v. Rowe*, 78 Ga. App. 254 (50 SE2d 378); *Wright Contr. Co. v. Waller*, 89 Ga. App. 827 (81 SE2d 541); *Peggy Ann of Ga. v. Scoggins*, 86 Ga. App. 109 (71 SE2d 89); *Scoggins v. Peggy Ann of Ga.*, 87 Ga. App. 19 (73 SE2d 79); 60 CJS 777, § 334. See also *Georgia Hwy. Express v. Sturkie*, 62 Ga. App.

741, 745 (1) (9 SE2d 683); *Rome R. &c. Co. v. Keel,* 3 Ga. App. 769, 771 (2) (60 SE 468); *McClelland v. Northwestern Fire &c. Co.,* 91 Ga. App. 640, 642 (1) (86 SE2d 729); *George A. Fuller Constr. Co. v. Elliott,* 92 Ga. App. 309 (88 SE2d 413); *Southern R. Co. v. Elliott,* 93 Ga. App. 370 (91 SE2d 775).

Even construing the allegations of the petition to show only that the trailer was parked on perfectly level ground, could the defendant have reasonably foreseen that some intervening agency not sufficient to insulate him against liability would cause the trailer to roll to the steep, nearby incline? A large trailer, such as here alleged, on wheels, precariously and evenly balanced on perfectly level ground might be caused to move by even a slight gust of wind, and wind, unless of extraordinary intensity, is not such an intervening proximate cause as will insulate a defendant against his original negligence. *Pollard v. Walton,* 55 Ga. App. 353, 355 (190 SE 396). A prospective customer for the rental of the trailer making a normal inspection of the trailer might have easily and unintentionally set the same in motion. One will not be relieved of the consequences of his negligence by an intervening act which in the normal course of events he should have anticipated might occur. *Southern R. Co. v. Webb,* 116 Ga. 152 (1) (42 SE 395).

A very similar factual situation was presented to the court in *Parsons, Inc. v. Youngblood,* 105 Ga. App. 583, 586 (125 SE2d 518), where the defendant store owner had placed a roll of linoleum 12 feet long and seven inches in diameter on its end in a perpendicular position where it had been thus standing for several days before it fell over and struck plaintiff as he walked by. We there held, two judges dissenting, that such allegations were sufficient to withstand the general demurrer and that while the plaintiff "alleged no intervening cause, but if it be conceded that, under the facts alleged, construing the petition most strongly against the pleader, something else concurred with the placing of the rug to cause the loss of balance, *this is a matter of defense,* and it must be shown not only that such fact exists but that it was a force sufficient of itself to cause the injury regardless of the negligence of the defendant." (Emphasis supplied.)

We therefore conclude that the petition was sufficient as against a general demurrer to state a cause of action.

*Judgment reversed. Frankum, Hall and Deen, JJ., concur. Felton, C. J., concurs specially. Nichols, P. J., Bell, P. J., Eberhardt, and Pannell, JJ., dissent.*

FELTON, Chief Judge, concurring specially.  As I understand the rule of pleading in Georgia, it is that there must be an allegation of ultimate fact or an allegation of evidentiary facts which demand the inference of the ultimate fact.  In this case it was necessary as against a general demurrer to allege that the ground upon which the trailer was parked was not level, or to allege evidentiary fact or facts which demanded the inference that the ground on which the trailer was parked was not level.  The allegation that the trailer "rolled off" of the place where it was parked demands the inference that the said ground was not level.  The petition was not subject to a general demurrer.

BELL, Presiding Judge, dissenting.  The majority opinion in this case presents a good example of an appellate court construing a petition *in favor of* the plaintiff when the present law requires that it be construed *against* the petitioner.  Blithely, the majority take liberties with the petition by adding both ideas and words which the petition does not contain.  *Example:* The majority stated, "A large trailer, such as here alleged, on wheels, precariously and evenly balanced on perfectly level ground might be caused to move by even a slight gust of wind. . ."  Except in referring to the trailer as "a large U-Haul-It trailer," the petition is silent as to any description of the trailer, and the petition does not allege that the trailer was "precariously and evenly balanced" or that it was moved "by a slight gust of wind."  It is a matter of common knowledge that trailers are in numerous designs with varying numbers of wheels and some are so constructed that a tongue or side of the trailer rests firmly on the ground forming such a restrictive friction that nothing short of an intensive application of human force or a wind of extraordinary intensity could move it.  In absence of a pleaded description of the trailer eliminating all other reasonable inferences as to its design, that design which would be most unfavorable to the pleader should be applied by this court. *Example:* "A prospective customer for the rental of the trailer making a normal inspection of the trailer might have easily and unin-

tentionally set the same in motion. One will not be relieved of the consequences of his negligence by an intervening act which in the normal course of events he should have anticipated might occur." The petition alleges *no* act of any kind causing the trailer to roll, nor does it allege or raise the inference that the defendant should have anticipated any intervening force which would cause the trailer to roll under the circumstances in which it was parked. *Example:* The petition contains *no* general allegation of negligence. Yet the majority *adds* that to the petition by holding that it did.

The case of *Benefield v. McDonough Constr. Co.*, 106 Ga. App. 194 (126 SE2d 704), cited by the majority, is not at all in point with the case here. The quoted portion is lifted entirely out of its context, as a simple reading of that opinion shows. There this court, as it is required to do, construed the petition *against* the pleader, applied inferences fairly drawn from the facts alleged, which were unfavorable to the pleader, and found under those allegations that his injuries were proximately caused by his own negligence and not that of defendant. There is no rational basis permitting the lifting of a statement from one case construing a petition *against* a pleader and applying it favorably to another petition which is subject to dissimilar inferences because of substantially different allegations including inferences unfavorable to the pleader.

Neither is the case of Estridge v. Estridge, (Ky.), 333 SW2d 758, in point, for there the defendant testified that he parked the car on a steep incline, and that he did not set the brakes. The court there properly held that evidence to be sufficient to present a jury question as to the defendant's negligence. Nothing of that nature is present in the allegations of the petition here.

All the cases cited by the majority where a cause of action was sustained and affirmed for damages caused by a rolling vehicle are inapplicable to the allegations of this petition. Some contain positive allegations that the vehicles were parked on steep inclines, and some contain direct testimony to that fact. Nothing of that nature is present in this case.

The majority's statement that "While common experience teaches that a vehicle will not roll on *level* ground, it also

teaches that if the vehicle rolled the ground was not *level*," while admittedly appealing in the lay sense, is nevertheless an injudicious statement for this court to make since it is in direct conflict with a prior holding of this court *which has been affirmed by the Supreme Court.* See *John Deere Plow Co. v. Johnson,* 98 Ga. App. 36, 37 (1), aff'd on this point, 214 Ga. 645. A trailer will roll when set in motion by any number of forces, but in the petition before us the operative cause of the movement is left entirely to conjecture.

2. "When considered on general demurrer, a petition must be construed most strongly against the pleader; in applying this rule the petition will be construed in the light of its omissions as well as its averments. *Mackler v. Lahman,* 196 Ga. 535, 537 (27 SE2d 35); *Toler v. Goodin,* 200 Ga. 527, 534 (37 SE2d 609). The pleader's failure to allege essential facts and his reliance upon allegations that fall short of essential facts will be construed to import the absence of those facts. *Hulsey v. Interstate Life &c. Co.,* 207 Ga. 167, 170 (60 SE2d 353); *Sterling Materials Co. v. McKinley,* 218 Ga. 574 (1) (129 SE2d 770)." *Covil v. Robert & Co. Associates,* 112 Ga. App. 163, 169 (144 SE2d 450). "If an inference unfavorable to the right of a party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Chalverus v. Wilson Mfg. Co.,* 212 Ga. 612 (1) (94 SE2d 736); *Krueger v. McDougald,* 148 Ga. 429 (1) (96 SE 867).

Here the amended petition alleges as specific acts of negligence defendant's "Parking the aforesaid trailer on his property in close proximity to a steep, unguarded incline" and "Failing to properly secure said trailer . . . under the aforesaid circumstances." However, the petition *does not show that the trailer was actually parked on an incline.* It shows only that the trailer was parked close to an incline. What is "close" is relative. As applied to negligence, it may mean far enough away to preclude negligence. Thus, construing the petition against the pleader, the only reasonable inference to be drawn is that defendant parked the trailer on level ground, where it would not by itself roll over the incline. *John Deere Plow Co. v. Johnson,*

98 Ga. App. 36, 37 (1) (105 SE2d 33), affirmed on this point without elaboration, 214 Ga. 645. The petition fails to show that defendant negligently set the trailer in motion or that it was set in motion toward plaintiff's property by some force which defendant in the exercise of ordinary care should have anticipated. Merely parking one's trailer on one's property and failing to tie it in place does not, in the absence of additional circumstances, constitute negligence. Here, no additional circumstances are pleaded. The amended petition failed to state a cause of action based on defendant's negligence.

The judgment of the trial court in sustaining defendant's renewed general demurrer and dismissing the petition upon plaintiff's failure to amend should be affirmed.

I am authorized to state that Presiding Judge Nichols and Judges Eberhardt and Pannell concur in this dissent.